UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF REED, | ) | CASE NO. 3:24-cv-00859 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| ANGELA HUNSINGER, Warden | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |

On July 23, 2024, this Court determined that *pro se* Petitioner Jeff Reed's petition, despite referencing 28 U.S.C. § 2241, should be addressed under 28 U.S.C. § 2254 because he is in Ohio custody pursuant to an Ohio conviction:

> "[T]he great weight of federal court decisions, which consistently view '§§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court…. The numerous federal decisions on this issue support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to AEDPA's restrictions, even if language in section 2244(b) seems to indicate otherwise." *Rittenberry v. Morgan*, 468 F.3d 331, 336-337 (6th Cir. 2006); *see also Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." (citations omitted).

(R. 8).

Thereafter, Petitioner filed Objections, a "Motion to Comply with 28 U.S.C. § 2241(3)(4)", a "Motion to reinstate the 28 U.S.C. § 2241(3)(4)" petition, and a "Motion to Recuse 28 U.S.C. § 455." (R. 12, 13, 14 & 15). Petitioner's motions, as well as the Petition itself, are all based on the novel theory that the State of Ohio "has fraudulent state status" and does not have jurisdiction over Petitioner. *Id.*[1] The Court need not address the ultimate merits of petitioner's theory, or lack thereof, at this time. Nevertheless, based on clear binding precedent cited above, § 2254 is the "exclusive vehicle" for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody. As it stands, Petitioner is in Ohio custody pursuant to an Ohio judgment and not federal custody. Petitioner's disagreement with the Court's determination, which is consistent with binding authority, does not provide a basis for recusal.

On September 10, 2024, Petitioner filed objections to the magistrate Judge's order denying his motion for default judgment. (R. 18). Petitioner's objections are overruled, as the Magistrate Judge is correct that default judgment is inapplicable in habeas proceedings.[2]

---

[1] Petitioner's theory that Ohio in not a State is based on the Ohio General Assembly rescission of its ratification of the Fourteenth Amendment on January 15, 1868. *See* Gabriel J. Chin, *Ratifying the Fourteenth Amendment in Ohio*, 28 W. New Eng. L. Rev. 179, 185 (2006).

[2] Default judgments do not apply in habeas corpus proceedings and "the failure of the Office of the Attorney General of Ohio to file a timely return does not afford a basis for *instanter* relief." *Allen v. Perini*, 424 F.2d 134, 137 (6th Cir. 1970) (holding that default judgment has "no application in habeas corpus cases"), *cert. denied*, 400 U.S. 906 (1970); *accord Harris v. Warden, London Corr. Ins.*, No. 17-3944, 2018 U.S. App. LEXIS 15455, at *5 (6th Cir. Mar. 1, 2018) ("Default judgment is not generally available in habeas proceedings."); *King v. Kelly*, 2014 U.S. Dist. LEXIS 92245, 2014 WL 3053183 at *1 (N.D. Ohio July 7, 2014) (Nugent, J.) ("The Sixth Circuit has made clear that default judgments are not available in habeas corpus proceedings."); *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921-922 (E.D. Mich. 2002) (collecting cases). "Summary judgment is disfavored in federal habeas corpus proceedings, as it would be 'tantamount to granting Petitioner a default judgment which is relief that is unavailable' in such proceedings." *Howard v. Miller*, No. 5:14CV2710, 2016 U.S. Dist. LEXIS 33977, 2016 WL

Moreover, Respondent's Return of Writ is not yet due.

Petitioner has also filed a document styled "Motion to Stipulate the Records on Conflicts …" (R. 19). The Court does not construe that filing as a motion, but to the extent it can be construed as moving the Court for a ruling on Petitioner's alleged procedural history, such request is denied.

Therefore, Petitioner's objections (R. 12 & 18) are overruled and his motions (R. 13, 14, 15 & 19) are DENIED. Petitioner is cautioned that his many filings could result in an order enjoining him from additional filings. His next filing should be his reply/traverse to the Return of Writ.

IT IS SO ORDERED.

Date: September 19, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

---

1047300, at *2 (N.D. Ohio Mar. 16, 2016) (Nugent, J.).

3