# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JEFF REED, | ) CASE NO. 3:24-CV-00859-DAR |
| | ) |
| | ) JUDGE DAVID A. RUIZ |
| Plaintiff, | ) UNITED STATES MAGISTRATE JUDGE |
| | ) |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| ANGELA HUNSINGER, | ) CARMEN E. HENDERSON |
| | ) |
| | ) |
| Defendant, | ) **REPORT & RECOMMENDATION** |

This matter was referred to the undersigned on May 14, 2024. Pending before the Court is Warden Angela Hunsinger's motion to transfer this matter to the Sixth Circuit on the basis that it is a successive § 2254 petition that requires permission from the Circuit to proceed. (ECF No. 21). Upon review, it is recommended that the motion be GRANTED.

The Circuit has recognized that "not all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). More specifically:

> This court has also held that if the claims raised by the petitioner fall within the scenario addressed by 28 U.S.C. § 2244(b)(2)(A)—the Supreme Court has made a new rule of constitutional law, not previously available, retroactive to cases on collateral appeal—then the petition is deemed second or successive and the claims must pass through the gatekeeping strictures of that provision. *In re Coley*, 871 F.3d at 457. To hold otherwise "'would considerably undermine—if not render superfluous—'[ ]the second-or-successive rule." *Id.* at 457–58 (quoting *Magwood*, 561 U.S. at 335). This reasoning supports the parallel conclusion that if the claims raised by the petitioner fall within the scenario addressed by § 2244(b)(2)(B), then the petition is second or successive and the claims must satisfy that section. See *Magwood*, 561 U.S. at 335–36 (rejecting a proposed interpretation of "second or successive" that would mean that if a petitioner had a claim based on new facts that he was unable to fully and fairly raise previously then he would not have to meet

1

the gatekeeping procedures of § 2244(b)(2)(B), because this would "truncate § 2244(b)(2)'s requirements").

*In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018).

Upon review, there is no reasonable argument that Petitioner Jeff Reed's current filing is second-in-time rather than successive. Reed filed his original petition on October 19, 1998, and it was denied on April 21, 1999. No new judgment has been issued resulting from resentencing or any other new state court proceedings that would authorize a new petition. Moreover, the arguments raised in this petition appear to center around Reed's allegation that the trial court lacked jurisdiction over him because he claims to be of Native American descent. At best, Reed would appear to argue that somehow this factual predicate was unknown to him. If so, his claims could fall under § 2244(b)(2)(B), and his petition may properly be deemed successive. However, Reed failed to follow the gate-keeping procedures to obtain permission to file a successive petition.

Accordingly, I recommend that the Warden's motion to transfer this matter to the Sixth Circuit for consideration as a request to authorize a second or successive petition be GRANTED.

DATED: September 27, 2024

                                                *Carmen E. Henderson*
                                                Carmen E. Henderson
                                                United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas* v. *Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).