UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF REED, | ) | CASE NO. 3:24-cv-00859 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| ANGELA HUNSINGER, WARDEN, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Carmen E. Henderson. (R. 22). Petitioner Jeff Reed, appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 15, 2024. (R. 1). On September 23, 2024, Respondent Angela Hunsinger filed a motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. (R. 21). The Magistrate Judge's Report and Recommendation (R&R) recommends that the Court grant Respondent's motion and transfer the petition to the Sixth Circuit as a request from Petitioner that the Sixth Circuit authorize a second or successive petition. (R. 22, PageID# 247). Petitioner timely objected. (R. 23). Respondent did not file a response.

The R&R, (R. 22), is adopted in its entirety, for the following reasons.

**I. Standard of Review**

A district court must conduct a de novo review of any portion of the R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. Background & Analysis

In 1978, Petitioner pled guilty to one count of aggravated murder and one count of felonious assault. *State v. Reed*, 2022-Ohio-3461, No. 2021ca59, 2022 WL 4589241, at *1 (Ohio Ct. App. Sept. 30, 2022). He was "sentenced to life in prison on the aggravated murder charge and an indeterminate sentence of five to fifteen years of imprisonment for felonious assault, with the sentences to be served consecutively." *Id.* He filed a petition for writ of habeas corpus in 1998. *Reed v. Warden Allen Corr.*, 3:98cv478; (*see also* R. 21-1, PageID# 115). In that petition, he argued that he was entitled to habeas relief because the trial court lacked jurisdiction over him. (*See* R. 21-1, PageID# 118).

Since Petitioner's conviction and first petition for habeas corpus, he has not been resentenced, no new judgment has been issued, and no new state court proceedings have occurred that would authorize a new habeas petition. Nevertheless, in 2024, Petitioner filed the instant petition for habeas corpus relief. (R. 1). The instant petition argues that Petitioner is entitled to habeas relief because Ohio was not a valid state when he was convicted and because he alleges he is of Native American descent and, thus, the trial court lacked jurisdiction over him. *Id.*

Respondent moved for the petition to be transferred to the Sixth Circuit, arguing that it is a second or successive petition requiring authorization. (R. 21). The Magistrate Judge recommended that Respondent's motion be granted, concluding that the petition should be transferred to the Sixth Circuit "for consideration as a request to authorize a second or successive petition." (R. 22, PageID# 247).

Respondent and the Magistrate Judge are correct. Petitioner filed a petition for writ of habeas corpus related to his 1978 conviction and sentence in 1998. *Reed*, 3:98cv478; (*see also* R.

2

21-1, PageID# 115). The instant petition relates to the same 1978 conviction and sentence as his first petition (R. 1), but he has not been resentenced in that case, there has been no new judgment issued in that case, and there have been no new state court proceedings that would otherwise authorize a new petition. Therefore, without prior authorization from the Sixth Circuit, this Court lacks jurisdiction to consider the petition. *Brand v. Warden, Pickaway Corr. Inst.*, No. 1:22cv406, 2022 WL 17600897, at *1–2 (S.D. Ohio Dec. 13, 2022); *Palmer v. Bradshaw*, No. 3:10cv78, 2010 WL 1389604, at *1 (S.D. Ohio Mar. 4, 2010), *report & recommendation adopted*, 2010 WL 1389607 (S.D. Ohio Mar. 30, 2010). The "Court must transfer [the petition] to the Sixth Circuit for consideration." *Brand*, 2022 WL 17600897, at *2. As such, Respondent's motion is granted, and the Court will transfer the petition to the Sixth Circuit for further consideration.

### III. Conclusion

The Court has carefully reviewed the R&R and Petitioner's objections according to the above-referenced standard. The Court agrees with the Magistrate Judge's resolution of the issues raised and overrules Petitioner's objections. The Magistrate Judge's R&R, (R. 22), is ADOPTED. The matter is hereby TRANSFERRED to the Sixth Circuit for further consideration of whether to authorize a second or successive petition.

IT IS SO ORDERED.

Date: March 31, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge